IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNETH JOHN PACHINGER,

    Petitioner,

vs.                                      No. 07-2325-JDB/sta

WARDEN, FCC FORREST CITY,

    Respondent.

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING PETITION UNDER § 2241
ORDER DENYING MOTION TO AMEND
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On May 8, 2007, Plaintiff, Kenneth John Pachinger, Bureau of Prisons (BOP) registration number 30219-074, who is presently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, (FCC Forrest City) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pachinger also filed an application seeking leave to proceed in forma pauperis. The application to proceed in forma pauperis is GRANTED. The Clerk is directed to file the case without prepayment of the fee and to record the Respondent as Warden, FCC Forrest City.[1]

_____

[1]    The only proper respondent to a habeas petition is the custodian of the prisoner. Pachinger has been transferred to the FCC Forrest City. The Clerk shall delete all references to the United States, Federal Bureau of Prisons, and Bruce Pearson as respondents.

Pachinger was convicted in the United States District Court for the Middle District of Georgia upon a plea of guilty in which he waived his right to appeal and was sentenced to 145 months imprisonment for distribution of cocaine, heroin, and marijuana to a person under 21 years of age, in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).  See United States v. Pachinger, 156 Fed. Appx. 297, 298-99 (11th Cir. Dec. 6, 2005).

In this petition, Pachinger contends that the United States breached his plea agreement and thus, his plea agreement, conviction, and sentence should be vacated.  He seeks immediate release.

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."  Wright v. United States Bd. of Parole, 557 F.2d 64, 78 (6th Cir. 1977).  On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."  Id. at 77.  Cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply.").  It is clear from Wright and Jalili, however, that true attacks on the "execution" of a sentence relate to BOP decisions

2

affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence. Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997). Pachinger's petition does not challenge the execution of his sentence, but attacks its imposition.

Habeas corpus would be available, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. This "savings clause" operates as an additional exception to the successive motion limits of AEDPA and permits review by a habeas petition in an even more narrow category of cases. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[2]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has

---

[2]    See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

been convicted. <u>Martin v. Perez</u>, 319 F.3d 799, 804-05 (6th Cir. 2003); <u>Charles</u>, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); <u>see also</u> <u>Peterman</u>, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." <u>Gesuale v. Sanders</u>, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); <u>see also</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

Because Pachinger is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. Likewise, it would be futile to allow Pachinger to amend his habeas petition. He has been transferred outside this jurisdiction and this district is no longer the proper forum for any habeas petition filed by Pachinger. The motion to amend is DENIED. An order for Respondent to show cause need not issue. The petition is DENIED and DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability.  Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997).  Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997).  Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255

motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.  Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the reasoning of McIntosh persuasive that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.  It would be inconsistent for a district court to determine that a complaint

7

does not warrant service on the respondent, but has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by Petitioner would not be taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 31st day of October, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE